IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABDIWAHAB ABDIWALI HASSAN,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, McCook Detention Center, et al.,<br><br>Respondents. | 8:26-CV-505<br><br>ORDER |

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. The Court will deny the petition.

The petitioner is a citizen of Somalia who was intercepted by the Border Patrol on June 16, 2022 near the San Ysidro, California port of entry. Filing 7 at 3. He was released on parole. Filing 7 at 3. He was again found by the Border Patrol on February 8, 2025 near the Pembina, North Dakota port of entry, possibly having attempted to enter Canada. Filing 7 at 4; filing 7-1. He was detained at that time and placed in removal proceedings. Filing 7 at 4; filing 7-2; filing 7-3; filing 7-4. Eventually, an immigration judge ordered his removal to Somalia, and that order became administratively final on June 11, 2026. Filing 7 at 4; filing 7-5; filing 7-7.

Because the petitioner is subject to a now-final order of removal, he must be detained pursuant to 8 U.S.C. § 1231(a)(2)(A). Pursuant to § 1231(a)(2)(A), the petitioner's detention is mandatory for at least 90 days, after which time he "may be detained" or may be released under terms of supervision. *Le v. Warden, McCook ICE Det. Ctr.*, No. 4:26-CV-3041, 2026 WL 1078883, at *2 (D. Neb. Apr. 21, 2026) (citing § 1231(a)(6)). The petitioner would only be entitled

to release if, after the presumptively reasonable six-month period to effect removal, there is no significant likelihood of removal in the reasonably foreseeable future. *See Codina*, 283 F. App'x at 433 (citing *Zadvydas*, 533 U.S. 678); *see also Clark v. Martinez*, 543 U.S. 371, 386-87 (2005). But at this point, the petitioner's continued detention is consistent with due process.[1]

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied.

2. A separate judgment will be entered.

Dated this 18th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

[1] The petitioner suggests that the Court should consider his total detention, not just the detention since the removal clock started running when his order of removal became final. Filing 1 at 4. But it's clear that the final order of removal starts that clock running for purposes of due process, *see Codina v. Chertoff*, 283 F. App'x 432, 433 (8th Cir. 2008) (citing *Zadvydas v. Davis,* 533 U.S. 678 (2001)), and it's equally clear that due process is not offended by detention while deportation proceedings are pending, *see Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024) (citing *Demore v. Kim*, 538 U.S. 510 (2003)).